**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CASE NO. 6:13-CR-33-JCB** |
| **vs.** | § | |
| | § | |
| | § | |
| **JOSHUA HERRERA (1)** | § | |

**REPORT AND RECOMMENDATION
ON REVOCATION OF SUPERVISED RELEASE**

On June 8, 2023, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Allen Hurst. Defendant was represented by Assistant Federal Defender Ken Hawk.

*Background*

After pleading guilty to the offense of Penalty for Registered Sex Offender, a Class A felony, Defendant Joshua Herrera was sentenced on January 8, 2014 by United States District Judge Michael H. Schneider. The offense carried a statutory maximum imprisonment term of 10 years. A total offense level was not calculated because U.S.S.G. § 2A3.6(b) provides a guideline sentence of the term of imprisonment required by statute for a defendant convicted under 18 U.S.C. § 2260A. Defendant had a criminal history category of II and a guideline imprisonment range of 120 to 120 months. Defendant was sentenced to imprisonment for a term of 120 months followed by a lifetime term of supervised release subject to the standard conditions of release, plus special conditions to include sex offender registration, financial disclosure, sex offender treatment and testing, restrictions from contact with minors, restrictions from portable electronic devices with internet and photo capability, restrictions from sexually explicit material, and a search condition.

1

Defendant completed his term of imprisonment and started his term of supervised release on October 21, 2021. The case was reassigned to United States District Judge J. Campbell Barker on October 7, 2022.  Defendant's conditions of supervised release were modified on November 7, 2022, to include additional restrictions from devices with internet capability.

### *Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on May 16, 2023, United States Probation Officer Ashley McKinney alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (standard condition 3): The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.**  It is alleged that Defendant was not truthful with the probation officer on March 17, 2023, regarding how many nights per week he was staying at a friend's house.

2. **Allegation 2 (special condition):  The defendant shall not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability, cellular telephones with internet capability, laptop computers, iPods, personal digital assistants (PDAs), portable data storage devices such as thumb drives and flash memory, or any other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection. The defendant shall also refrain from the purchase, possession, or use of digital cameras, digital recorders, or any other type of recording and/or photographic equipment.**  It is alleged that Defendant admitted on May 12, 2023, to using a cellular telephone with internet capability to access a pornographic webcam website, specifically, the website "Chatterbait," on three to five different occasions since his release.

3. **Allegation 3 (special condition):  The defendant shall not have unsupervised contact of any kind with children under the age of eighteen unless supervised by an adult approved by the probation officer.**  It is alleged that Defendant admitted on May 12, 2023, to having unauthorized contact with a minor child under the age of eighteen without an adult approved by the probation officer on at least three different occasions through April and May 2023; once with a seven-year-old male child and twice with a seventeen-year-old male child.

4. **Allegation 4 (special condition):  The defendant shall not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct.  For the purposes of this special condition of supervised release, the term "sexually explicit conduct" is as defined in 18 U.S.C. § 2256(2)(A) and is not**

**limited to the sexual exploitation of children.**  It is alleged that Defendant admitted on May 12, 2023, to receiving, possessing, and viewing sexually explicit images and videos via online and text messaging on multiple occasions since his release.

5. **Allegation 5 (special condition):  Under the guidance and direction of the U.S. Probation Office, the defendant shall participate in a sex offender treatment program which may include the application of physiological testing instruments. The defendant shall pay any cost associated with treatment and testing.  Should the defendant fail to pay as directed, the defendant shall perform three hours of community service for each unpaid session**.  It is alleged that Defendant was unsuccessfully discharged from sex offender treatment on May 11, 2023 for failing to comply with treatment rules.

### *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release.  Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation.  U.S.S.G. § 7B1.3(a)(1).  In the present case, Defendant's original offense of conviction was a Class A felony.  Accordingly, the maximum imprisonment sentence that may be imposed is 5 years of imprisonment.  18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release as alleged in the petition, he is guilty of a Grade C violation.  U.S.S.G. § 7B1.1(a).  Defendant's original criminal history category was II.  The guidelines provide that Defendant's guideline range for a Grade C violation is 4 to 10 months of imprisonment.

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings."  *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

## *Hearing*

On June 8, 2023, Defendant appeared for a final revocation hearing. Assistant United States Attorney Allen Hurst announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 2 of the petition and to jointly request a sentence of imprisonment for 6 months, followed by a lifetime term of supervised release that includes a special condition to reside in a residential reentry center or similar facility, in a community corrections component, for a period of 180 days. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 2 of the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Seagoville.

## *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 2 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to a term of imprisonment of 6 months, followed by a lifetime term of supervised release that includes a special condition to reside in a residential reentry center or similar facility, in a community corrections component, for a period of 180 days. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 2 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to a term of imprisonment of 6 months,

followed by a lifetime term of supervised release that includes a special condition to reside in a residential reentry center or similar facility, in a community corrections component, for a period of 180 days.  Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.  It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Seagoville.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court.  Defendant waived those rights and executed a written waiver in open court.  The Government also waived its right to object to the Report and Recommendation.  It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to a term of imprisonment of 6 months, followed by a lifetime term of supervised release that includes a special condition to reside in a residential reentry center or similar facility, in a community corrections component, for a period of 180 days.

So ORDERED and SIGNED this 8th day of June, 2023.


K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE