IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| | § | **CASE NO. 6:13-CR-33-JCB** |
| **vs.** | § § | |
| | § § | |
| **JOSHUA HERRERA (1)** | § | |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

On September 30, 2024, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Nathaniel Kummerfeld. Defendant was represented by Assistant Federal Defender Jonathan Hyatt.

### *Background*

After pleading guilty to the offense of Penalty for Registered Sex Offender, a Class A felony, Defendant Joshua Herrera was sentenced on January 8, 2014 by United States District Judge Michael H. Schneider. The offense carried a statutory maximum imprisonment term of 10 years. A total offense level was not calculated because U.S.S.G. § 2A3.6(b) provides a guideline sentence of the term of imprisonment required by statute for a defendant convicted under 18 U.S.C. § 2260A. Defendant had a criminal history category of II and a guideline imprisonment range of 120 to 120 months. Defendant was sentenced to imprisonment for a term of 120 months followed by a lifetime term of supervised release subject to the standard conditions of release, plus special conditions to include sex offender registration, financial disclosure, sex offender treatment and testing, restrictions from contact with minors, restrictions from portable electronic devices with internet and photo capability, restrictions from sexually explicit material, and a search condition.

1

Defendant completed his term of imprisonment and started his term of supervised release on October 21, 2021. The case was reassigned to United States District Judge J. Campbell Barker on October 7, 2022. Defendant's conditions of supervised release were modified on November 7, 2022, to include additional restrictions from devices with internet capability.

Defendant's supervision was revoked on June 21, 2023 and he was sentenced to a 6-month term of imprisonment followed by a life term of supervised release. Defendant's supervised release is subject to the standard conditions of release, plus special conditions to include sex offender Registration, mandatory 180-day community confinement in a residential reentry center upon release, financial disclosure to verify employment, sex offender treatment and testing, restrictions from contact with minors, restrictions from portable electronic devices with internet and photo capability, computer monitoring software requirements, restrictions from sexually explicit material, restrictions from gaming consoles, and a search condition.

Defendant completed his term of imprisonment and began service of his term of supervised release on November 21, 2023. The Court modified Defendant's conditions on May 2, 2024 to include a 180-day extension in the residential reentry center. Defendant completed his 180-day mandatory community confinement term in the residential reentry center on May 18, 2024.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on September 3, 2024, United States Probation Officer Ashley McKinney alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (standard condition 4): The defendant must answer truthfully the questions asked by his probation officer.** It is alleged that Defendant failed to be truthful with the probation officer regarding alleged violations of supervision since June 2024.

2. **Allegation 2 (standard condition 8): The defendant must not communicate or interact with someone he knows is engaged in criminal activity. If the defendant**

**knows someone has been convicted of a felony, he must not knowingly communicate or interact with that person without first getting the permission of the probation officer.** It is alleged that Defendant admitted in July 2024 to knowingly having unauthorized contact with a felon throughout the month of July 2024, without permission from the probation officer.

3. **Allegation 3 (special condition): The defendant must not use or own any device (whether or not at your place of employment, residence, or elsewhere) that can be connected to the Internet or used to store digital materials other than that authorized by the probation officer. This includes, but is not limited to, desktop computers, laptops, PDAs, electronic games, and cellular telephones. The defendant must not use any device other than the one you are authorized to use. The defendant must allow the U.S. Probation Office to install software designed to monitor activities. This may include, but is not limited to, software that may record any and all activity on the computers you may use, including the capture of keystrokes, application information, Internet use history, e-mail correspondence, and chat conversations. The defendant will pay any costs related to the monitoring of your computer usage. The defendant must not use or possess any gaming consoles (including, but not limited to, Xbox, PlayStation, Nintendo) or devices without prior permission from the probation officer.** It is alleged that Defendant admitted, on August 5, 2024, to accessing internet-capable devices without authorization from the probation officer since June 2024 via an Xbox to stream online media content and utilizing an Xbox for gaming in June 2024 without permission from the probation officer. Additionally, text messages observed on Defendant's cell phone indicated that he accessed YouTube without authorization from the probation officer and engaged in additional gaming activity on an unknown device on more than one occasion in the month of July 2024.

4. **Allegation 4 (special condition): The defendant must participate in sex offender treatment services. These services may include psycho-physiological testing (i.e., clinical polygraph, plethysmograph, and the ABEL screen) to monitor your compliance, treatment progress, and risk to the community. The defendant must abide by all rules and regulations of the treatment program, until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. The defendant must pay any costs associated with treatment and testing. Should the defendant fail to pay as directed, he must perform 3 hours of community service for each unpaid session..** It is alleged that Defendant was unsuccessfully discharged from sex offender treatment on August 27, 2024 for failing to comply with treatment rules.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the

3

evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class A felony. Accordingly, the maximum imprisonment sentence that may be imposed is 5 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was II. The guidelines provide that Defendant's guideline range for a Grade C violation is 4 to 10 months of imprisonment.

### *Hearing*

On September 30, 2024, Defendant appeared for a final revocation hearing. Assistant United States Attorney Nathaniel Kummerfeld announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 4 of the petition and to jointly request a sentence of imprisonment for 10 months, followed by a lifetime term of supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 4 of the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Seagoville.

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

*Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 4 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to a term of imprisonment of 10 months, followed by a lifetime term of supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 4 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to a term of imprisonment of 10 months, followed by a lifetime term of supervised release that includes a special condition to reside in a residential reentry center or similar facility, in a community corrections component, for a period of 180 days. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Seagoville.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's

supervised release and enter a Judgment and Commitment for him to be sentenced to a term of imprisonment of 10 months, followed by a lifetime term of supervised release.

So ORDERED and SIGNED this 30th day of September, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE