**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | **CASE NO. 6:13-CR-00033-JCB-JDL** |
| | § | |
| **v.** | § | |
| | § | |
| **JOSHUA HERRERA,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**REPORT & RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

On August 18, 2026, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Joshua Herrera. The government was represented by Lucas Machicek, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk, Federal Public Defender.

Defendant originally pled guilty to the offense of Penalty for Registered Sex Offender, a Class A felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, without consideration of a total offense level and with a criminal history category of II, was 120 to 120 months. On January 08, 2014, U.S. District Judge Michael H. Schneider[1] sentenced Defendant to 120 months imprisonment, followed by a life term of supervised release subject to the standard conditions of release, plus special conditions to include the standard conditions of release, plus special conditions to include sex offender registration, financial disclosure to verify employment, sex offender treatment and testing, restrictions from

[1] This case was reassigned to U.S. District Judge J. Campbell Barker on October 07, 2022.

contact with minors, restrictions from portable electronic devices with internet and photo capability, restrictions from sexually explicit material, and a search condition. On July 25, 2025, Defendant completed his period of imprisonment and began serving his supervision term.

Under the terms of supervised release, Defendant was required to answer his probation officer's questions truthfully, maintain full-time employment, and participate in sex offender treatment services. Additionally, Defendant was prohibited from using any device that could connect to the internet or store digital materials (other than that authorized by his probation officer), and from possessing or viewing any images in any form of media that depict sexually explicit conduct.

In its petition, the government alleges that Defendant violated his conditions of supervised release by (1) failing to be truthful with his probation officer concerning alleged violations of his supervision since October 2025, (2) being unemployed since June 12, 2026, (3) accessing internet-enabled devices without permission from his probation officer on or around March 30, 2026, (4) intentionally watching sexually explicit media, and (5) being unsuccessfully discharged from sex offender treatment on April 28, 2026 and again on July 24, 2026, both for failure to comply with treatment rules and failed polygraphs.

If the court finds by preponderance of the evidence that Defendant violated the conditions of supervised release as alleged in the government's petition, Defendant will have committed a Grade C violation. U.S.S.G. § 7C1.1(a). Upon finding a Grade C violation, the court may revoke supervised release. U.S.S.G. § 7C1.3(b). Considering Defendant's criminal history category of II, the Guideline imprisonment range for a Grade C violation is 4 to 10 months. U.S.S.G. § 7C1.5. The statutorily authorized maximum imprisonment term is 5 years. 18 U.S.C. § 3583(e)(3).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade C violation of the conditions of supervision referenced above. In exchange, the government recommended to the court a sentence of 24 months, followed by a new life term of supervised release. The government recommended an upward departure because of the number of condition violations in the present petition and the fact that Defendant is currently serving his third term of supervised release following two prior revocations, the first of which resulted in a six-month term of imprisonment and the second, a ten-month term. Having considered the facts and the recommendation, the court finds that the upward departure is warranted.

The court therefore **RECOMMENDS** that Defendant Joshua Herrera's plea of true be accepted and that he be sentenced to 24 months' imprisonment, with a life term of supervised release to follow. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 19th day of August, 2026.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE